UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                         Case No. 11-20018
ROBERT CHARLES BRIERLEY,          Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

The Defendant in this criminal matter, Robert Charles Brierley, has been charged with wire fraud, 18 U.S.C. § 1343, and conspiracy to commit wire fraud, 18 U.S.C. § 1349. Currently before the Court is Brierley's second ex parte motion for the appointment of an investigator who will assist him in his defense pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1) ("CJA").

Brierley filed his first motion in March 2011. However, the Court, after noting that he had submitted an inadequate amount of information upon which to justify this request, denied his motion without prejudice. In rejecting his motion, the Court noted that the Sixth Circuit has determined that it is the defendant's burden under the CJA to demonstrate "that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, [his] case would be prejudiced." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002).

In support of his request, Brierley stated that the investigative services of Melvin Williams, Sr., are necessary because the projected evidence against him "involve[s] the anticipated testimony of numerous Government witnesses whose background and relationships may need to be

1

investigated prior to trial so as to afford adequate basis to impeach or otherwise attack their credibility." (Def.'s Mot. for Appointment of Investigator ¶ 2). However, upon examination of his request for relief, it is apparent that Brierley did not satisfy this *Gilmore* burden. In reaching this conclusion, it was noted by the Court that, rather than establishing that these services were necessary to his defense, Brierley merely asserted that the Government's witnesses "may need" to be investigated before trial. Moreover, he failed to (1) proffer any reasonably specific information as to the anticipated scope of these investigations, (2) indicate whether or why these investigations would be beyond the ambit of the investigation normally conducted by defense counsel, (3) advance his reasoning for having identified this particular investigator, and (4) set forth an estimate of the anticipated costs for such services.[1]

Brierley's second motion does not address any of these deficiencies. Indeed, the second motion is a verbatim copy of his first petition for relief. Thus, for the reasons that are outlined herein and in its prior order, Brierley's request is denied without prejudice.

IT IS SO ORDERED.

Dated: October 31, 2011             s/Julian Abele Cook, Jr.
      Detroit, Michigan            JULIAN ABELE COOK, JR.
                                    United States District Court Judge

---

[1] Pursuant to the 2010 amendments to the CJA, the maximum compensation to be paid for services under § 3006A(e) is $2,400.00. Federal Judiciary Improvements Act of 2010, Pub. L. No. 111-174, 124 Stat. 1217 (2010). Any compensation in excess of that amount must be certified by the court and approved by the chief judge of the circuit upon a showing that it is "necessary to provide fair compensation for services of an unusual character or duration." § 3006A(e)(3).

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 31, 2011

s/ Kay Doaks<br>
Case Manager